IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELPIDA MEMORY, INC. and ELPIDA MEMORY (USA) INC.,

Plaintiffs,

v.

INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,

Defendants.

C.A. No. 11-623 (SLR)

**INTELLECTUAL VENTURES' OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER**

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

*Attorneys for Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC*

Of Counsel:

Elliot Brown
Benjamin Hattenbach
Ellisen Turner
Brian Ledahl
Jay Chung
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: September 2, 2011

2483406

# TABLE OF CONTENTS

Page


I. NATURE AND STAGE OF THE PROCEEDINGS .......... 1

II. SUMMARY OF ARGUMENT .......... 1

III. STATEMENT OF FACTS .......... 2

IV. ARGUMENT .......... 3

A. The First-To-File Rule Requires Dismissal Of This Action In Favor Of The First-Filed Washington Action Which Encompasses The Same Issues And Parties .......... 3

B. No Exceptional Circumstances Exist To Depart From The First-Filed Rule .......... 5

1. The Washington Action Can More Completely Adjudicate All Of The Rights Because The Issues In This Case Are A Subset Of Those In Washington .......... 6

2. A Different Delaware Lawsuit Involving Seven Different Patents Does Not Provide Exceptional Circumstances .......... 7

C. Elpida Fails To Present A Proper Claim For Declaratory Relief Because Another Court Will Already Adjudicate The Rights At Issue .......... 8

D. In The Alternative, The Court Should Transfer This Case To The Western District Of Washington .......... 9

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Labs v. Johnson & Johnson, Inc.*,
524 F. Supp. 2d 553 (D. Del. 2007) ....................4, 5

*Apotex Inc. v. Sanofi-Synthelabo*,
386 F. Supp. 2d 549 (S.D.N.Y. 2005) ....................9

*Brillhart v. Excess Ins. Co. of Am.*,
316 U.S. 491 (1942) ....................8

*Comcast Cable Comms., LLC v. USA Video Tech. Corp.*,
2008 WL 1908612 (D. Del. Apr. 29, 2008) ....................9

*Corixa Corp. v. IDEC Pharm. Corp.*,
2002 WL 265094 (D. Del. Feb. 25, 2002)....................6, 10

*Crosley Corp. v. Hazeltine Corp.*,
122 F.2d 925 (3d Cir. 1941) ....................4, 7

*E.E.O.C. v. Univ. of Penn.*,
850 F. 2d 969 (3d Cir. 1988) ....................5

*Electronics For Imaging, Inc. v. Coyle*,
394 F.3d 1341 (Fed. Cir. 2005) ....................4, 5

*Ellenby Tech., Inc. v. AT Sys. Inc.*,
2002 WL 356686 (D. Del. Feb. 8, 2002)....................4

*Genentech v. Eli Lilly and Co.*,
998 F.2d 931 (Fed. Cir. 1993) ....................5

*Miteq, Inc. v. Comtech Telecom. Corp.*,
2003 WL 179991 (D. Del. Jan. 23, 2003) ....................5, 9

*Philips v. AWH Corpo.*,
415 F.3d 1303 (Fed. Cir. 2005) ....................8

*Reisman v. Van Wagoner Funds, Inc.*,
2002 WL 1459384 (D. Del. June 7, 2002) ....................9

*Remy Inc. v. CIF Licensing, LLC*,
2008 WL 2358963 (D. Del. June 9, 2008) ....................4, 5

Page(s)

*Smith v. McIver*,
22 U.S. (9 Wheat.) 532 (1824) ....................4

*Sony Elec., Inc. v. Orion IP, LLC*,
2006 WL 680657 (D. Del. Mar. 14, 2006) ....................4

*Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*,
887 F.2d 1213 (3d Cir. 1989) ....................8, 9

*Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*,
2006 WL 1749399 (D. Del. June 21, 2006) ....................7

*Time Warner Cable, Inc. v. GPNE Corp.*,
497 F. Supp. 2d 584 (D. Del. 2007) ....................4

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*,
520 F. Supp. 2d 579 (D. Del. 2007) ....................4, 7

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) ....................8

**Other Authorities**

6A J. Moore, J. Lucas & G. Girtheer, Jr., Moore's Federal Practice ¶ 57.08[5], at 57-50
(2d ed. 1987) ....................9

## I. NATURE AND STAGE OF THE PROCEEDINGS

Elpida Memory, Inc. and Elpida Memory (USA) Inc. (collectively "Elpida") brought this declaratory judgment case after having first been sued in the U.S. District Court for the Western District of Washington. Both this case, and the earlier-filed Washington case involve the same three patents owned by Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures").

With this motion, Intellectual Ventures seeks a dismissal of Elpida's later-filed declaratory judgment action to prevent Elpida from abusing the judicial process by prosecuting this duplicative and unnecessary action filed in response to an earlier-filed case in a different district, which encompasses exactly the same issues between Elpida and Intellectual Ventures. In the alternative, Intellectual Ventures requests the Court to transfer this action to the district of the first-filed case, the Western District of Washington.

## II. SUMMARY OF ARGUMENT

Courts in this district routinely apply the "first-to-file rule" to dismiss an action involving the same parties and issues as another earlier-filed action. Here, Intellectual Ventures filed an action in the U.S. District Court for the Western District of Washington (the "Washington Action") alleging infringement by Elpida and others of three United States Patents. Several days later, Elpida filed this action seeking a declaratory judgment of non-infringement and invalidity of the same three patents that Elpida is accused of infringing in the Washington Action. It is beyond dispute that this case raises identical issues between the same parties as the Washington Action and was filed later. The first-to-file rule dictates dismissal of this action. Elpida cannot identify any reason, exceptional or otherwise, to change this result. Moreover, further reasons support dismissal of this case. The Washington Action asserts infringement by multiple other

defendants of the same patents asserted against Elpida. None of those other defendants is a party here. As such, the Washington Action is the only action that can completely adjudicate the asserted patent rights as against all of the infringing entities and products in a single forum. In contrast, having this Delaware action proceed would lead to procedural confusion and waste of judicial resources.

In addition to the application of the first-to-file rule, this case is also an improperly filed declaratory judgment action, as there is no need for Elpida to seek a declaration of rights. The court in the Western District of Washington was asked to undertake that task before Elpida filed this case. Elpida should not be allowed to manipulate the purpose of the Declaratory Judgment Act to burden this Court with unnecessary litigation in "a race for res judicata." This action should be dismissed, or in the alternative, transferred to the same district as the first-filed action.

## III. STATEMENT OF FACTS

Intellectual Ventures—headquartered in Bellevue, Washington—is an organization founded on the core principle that ideas are valuable. With the goal of building a dynamic and efficient market for inventions, Intellectual Ventures helps companies and individuals reap a financial reward from their innovations and to devote their creativity to new ideas. As part of this, Intellectual Ventures acquires, licenses, and creates intellectual property. Many scientists and engineers work at Intellectual Ventures to develop new ideas in a broad range of fields, including the technology at issue in this litigation. The three Intellectual Ventures patents at issue in this case and the earlier-filed Washington Action relate to Dynamic Random Access Memory ("DRAM"), which is typically used as the main memory in personal computers, laptops, servers, and other electronic products.

On July 11, 2011, Intellectual Ventures filed a complaint in the U.S. District Court for the Western District of Washington. *See* D.I. 1-6 (Ex. F) (Washington Action Complaint). That complaint alleged infringement of five United States Patents and named 19 entities as defendants, including the two Elpida entities who are plaintiffs here.[1] *Id.* Counts 1-3 of the Washington Complaint alleged infringement by all defendants, including Elpida, of United States Patents Nos. 5,654,932 ("the '932 Patent"); 5,963,481 ("the '481 Patent"); and 5,982,696 ("the '696 Patent"). *Id.* ¶¶ 38-70. The Washington Complaint also alleged infringement by other defendants, but not Elpida, of two additional United States Patents. *Id.* ¶¶ 71-92.

Elpida is a multinational corporation based in Japan, and is one of the world's largest manufacturers of DRAM. Elpida's DRAM infringes Intellectual Ventures' patent rights, as alleged in the Washington Action. On July 14, 2011, three days after Intellectual Ventures filed the Washington Action, Elpida filed this case, seeking a declaration of non-infringement and invalidity of the '932, '481, and '696 Patents. D.I. 1 (Elpida Complaint) at ¶ 1. Elpida knew of the existence of the Washington Action and that it asserted infringement by Elpida and others of the '932, '481, and '696 Patents before it filed this case. *Id.* (Elpida Complaint) at ¶ 20.

## IV. ARGUMENT

### A. <u>The First-To-File Rule Requires Dismissal Of This Action In Favor Of The First-Filed Washington Action Which Encompasses The Same Issues And Parties</u>

Courts in this District have clearly stated and applied the simple principle of the first-to-file rule: "[w]here proceedings involving the same parties and issues are pending simultaneously in different federal courts, the first to file rule requires the dismissal of the second-filed suit

[1] The initial complaint involved 19 defendants, including both Elpida entities who are plaintiffs in this action. On August 12, 2011, Intellectual Ventures filed an amended complaint naming two additional defendants. The amended complaint did not change the allegations regarding Elpida.

absent exceptional circumstances." *Abbott Labs v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (dismissing later filed Delaware action *sua sponte*). Such decisions follow the clear mandate of the Federal Circuit to apply the first-to-file rule. *See Electronics For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) ("Our precedent ... favors the first-to-file rule in the absence of circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment."); *see also Sony Elec., Inc. v. Orion IP, LLC*, 2006 WL 680657, *1 (D. Del. Mar. 14, 2006) ("[W]here two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances."). The Federal Circuit's precedent is consistent with that of the Third Circuit on this issue. *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) ("'In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.'") (quoting *Smith v. McIver*, 22 U.S. (9 Wheat.) 532 (1824)) (granting injunction to restrain later-filed patent suits and to proceed with the first-filed suit).[2]

The rationale for the first-to-file rule is readily apparent. "The first-filed rule reduces multiple conflicting decisions which may require separate appeals, and ensures that litigants receive a single determination of their controversy." *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (dismissing later-filed declaratory judgment suit in favor of first-filed patent infringement suit filed two days earlier). Also, "[t]he first-filed rule serves to eliminate economic waste involved in duplicating litigation." *Id.* at 587 (internal quotes omitted).

---

[2] *See also Remy Inc. v. CIF Licensing, LLC*, 2008 WL 2358963, *3 (D. Del. June 9, 2008) (dismissing the later filed declaratory judgment action in favor of first filed patent infringement action); *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007) (same); *Ellenby Tech., Inc. v. AT Sys. Inc.*, 2002 WL 356686 (D. Del. Feb. 8, 2002) (same).

The first-to-file rule is directly applicable here. Intellectual Ventures filed the Washington Action on July 11, 2011. *See* D.I. 1-6 (Ex. F) (Washington Action Complaint). Three days later, Elpida filed this Delaware action on July 14, 2011. D.I. 1. The first-filed Washington Action involves the same two Intellectual Ventures entities as this case, and the defendants in the Washington Action include the same two Elpida entities who are the plaintiffs here. *Id.* The five patents at issue in the Washington Action include the same three patents at issue in this case: U.S. Patent Nos. 5,654,932; 5,963,481; and 5,982,696. *Id.* There are no parties or patents at issue in this case that are not also at issue in the Washington Action. In short, "proceedings involving the same parties and issues are pending simultaneously in different federal courts," first, in the Western District of Washington and second, here in the District of Delaware. *Abbott Labs*, 524 F. Supp. 2d at 557. As such, "the first to file rule requires the dismissal of the second-filed suit," (this Delaware action), "absent exceptional circumstances." *Id.*

**B. <u>No Exceptional Circumstances Exist To Depart From The First-Filed Rule</u>**

"[I]nvocation of the [first-to-file] rule will usually be the norm, not the exception. Courts must be presented with *exceptional circumstances* before exercising their discretion to depart from the first-filed rule." *Miteq, Inc. v. Comtech Telecom. Corp.*, 2003 WL 179991, *1 (D. Del. Jan. 23, 2003) (quoting *E.E.O.C. v. Univ. of Penn.*, 850 F. 2d 969, 979 (3d Cir. 1988)) (emphasis added). Courts follow the first-to-file rule unless it is "unjust or inefficient." *Electronics For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005); *see also Remy Inc. v. CIF Licensing, LLC*, 2008 WL 2358963, *3 (D. Del. June 9, 2008) (A court should not depart from the first-filed rule unless there is "sound reason that would make it unjust or inefficient to continue with the first-filed action.") (quoting *Genentech v. Eli Lilly and Co.,* 998 F.2d 931, 937

(Fed. Cir. 1993)). No such "exceptional circumstances" are present here. Quite the opposite is true. It would be unjust and inefficient to permit this Delaware action to proceed.

**1. The Washington Action Can More Completely Adjudicate All Of The Rights Because The Issues In This Case Are A Subset Of Those In Washington**

The first-to-file rule "serves to prevent a multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising from common matters." *Corixa Corp. v. IDEC Pharm. Corp.*, 2002 WL 265094, *1 (D. Del. Feb. 25, 2002). Dismissing this case serves the goal identified by the *Corixa* Court. Allowing it to proceed thwarts that goal.

This Delaware case cannot adjudicate all the rights at issue because the issues in this case are only a subset of those involved in the Washington Action. This case involves two alleged infringers, Elpida Memory, Inc. and Elpida Memory (USA) Inc. In the Washington Action, there are nineteen alleged infringers in addition to the two Elpida entities, including Hynix, Acer, Adata, Asus, Dell, Hewlett-Packard, Kingston, Logitech, Pantech, Best Buy, Wal-Mart, and Nanya. Both Hynix and Nanya make DRAM products that compete with those of Elpida. The products of all three, as well as their resellers, are accused of infringing the '932, 481 and '696 Patents. Separating claims against Elpida from claims against other defendants would result in two different courts considering the interpretation of the patent claims at issue, two different courts evaluating the validity of the patent claims at issue, and two different courts adjudicating infringement of the patent claims at issue. Such dual litigation raises the significant risk of inconsistent judgments and precisely the "race to res judicata" that the first-to-file rule seeks to avoid. Here the problem is even more pronounced because some of the defendants in the Washington Action are alleged to have sold products incorporating infringing Elpida DRAM products. Those entities are not parties here. Allowing Elpida's claims to go forward here would require two different courts to adjudicate whether the same Elpida DRAM products infringe the

same patents. Such a situation should not be permitted, particularly where resolution of this case would not resolve many of the issues involved in the Washington Action. Conversely, however, resolution of the Washington Action *will* resolve the issues involved in this case. Accordingly, the Washington Action is the only forum that can resolve "in a single lawsuit [] all disputes from common matters." *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007). This Court "should therefore not be called upon to duplicate each other's work in cases involving the same issues." *Id.* at 587 (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941)).

**2. A Different Delaware Lawsuit Involving Seven Different Patents Does Not Provide Exceptional Circumstances**

Elpida may suggest that the existence of a separate Delaware lawsuit among Intellectual Ventures, Hynix, and Elpida captioned *Intellectual Ventures I LLC, et al. v. Hynix Semiconductor Inc., et al.* ("Hynix Case") constitutes an exceptional circumstance that warrants departure from the first-to-file rule. Any such suggestion would be wrong. There are no overlapping patents between this case and the Hynix Case. Rather, the Hynix Case involves seven different patents. *See Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, 2006 WL 1749399, *4 (D. Del. June 21, 2006) (The first-filed rule's "applicability seems limited to actions 'involving the same patents.'"). None of the patents at issue in this case share common specifications with any of the patents in the Hynix Case. Moreover, none of the three patents at issue in this case is part of the same patent family as any of the seven patents at issue in the Hynix Case. None of the patents at issue here are continuations, continuations-in-part, divisions, or otherwise related or claim priority to a common parent patent application with any of the seven patents at issue in the Hynix Case. Further, there is only one overlapping inventor between the three patents at issue here and the seven patents at issue in the Hynix Case. Thus,

the evidence and witnesses in connection with the patents at issue here (and in the Washington Action) will not be the same as those at issue in the Hynix Action here in Delaware. Similarly, there will be no overlapping intrinsic evidence in claim construction between this case and the Hynix case. *See Philips v. AWH Corpo.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (Specification and the prosecution history, which are intrinsic evidence, "provide[] evidence of how the PTO and the inventor understood the patent.").

The Hynix Case also includes additional parties not at issue in this case, Hynix Semiconductor Inc. and Hynix Semiconductor America Inc., as well as devices that are not at issue in this case, Flash memory products. *Compare* D.I. 1 at ¶¶ 24, 27, 30 *with* D.I. 1-4 (Exhibit D) (Hynix Case Complaint) at ¶¶ 77 & 87. In short, the Hynix Case is a different case involving seven different patents and different intrinsic evidence, with a different set of witnesses, parties, and products. The pendency of the Hynix Case here in Delaware does not provide any efficiencies, much less "exceptional circumstances" to depart from the first-to-file rule.

### C. Elpida Fails To Present A Proper Claim For Declaratory Relief Because Another Court Will Already Adjudicate The Rights At Issue

In addition to the first-to-file rule, this Court has discretion regarding exercise of its declaratory judgment jurisdiction. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) (The district court is "under no compulsion to exercise [the Declaratory Judgment] jurisdiction.").

Declaratory judgment jurisdiction should be declined where, as here, the suit is merely an improper attempt at forum shopping. *Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1225 (3d Cir. 1989). "Courts look with disapproval upon any attempt to circumvent the laudable

purposes of the Act, and seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." *Id.* (quoting 6A J. Moore, J. Lucas & G. Girtheer, Jr., Moore's Federal Practice ¶ 57.08[5], at 57-50 (2d ed. 1987)); *Apotex Inc. v. Sanofi-Synthelabo*, 386 F. Supp. 2d 549, 551 (S.D.N.Y. 2005) ("[C]ourts should be dubious of declaratory judgment actions when the plaintiff files suit to interfere with an action already filed.").

Elpida's declaratory judgment action bears all the hallmarks of forum shopping and piece-meal litigation that would waste judicial resources and create confusion in the Washington Action. Allowing this action to proceed will unnecessarily burden this Court, which will need to duplicate the efforts of the court in the Western District of Washington. The piece-meal nature of this action—which involves only a subset of the parties and a subset of the patents at issue in the Washington Action—exacerbates the inefficiencies. Proceeding with this case may also lead to inconsistent results or a "race for res judicata" which will further complicate and confuse the issues before the Washington court. *See Terra Nova*, 887 F.2d at 1225. The first-filed Washington Action should be permitted to proceed without this piece-meal action initiated by Elpida for purely tactical reasons.

**D. In The Alternative, The Court Should Transfer This Case To The Western District Of Washington**

The first-to-file rule is equally applicable to a venue transfer analysis, and Intellectual Ventures respectfully requests the Court to grant transfer of this case to the Western District of Washington in the event the Court is inclined not to dismiss this case. *Miteq, Inc. v. Comtech Telecom. Corp.*, 2003 WL 179991, *2 (D. Del. Jan. 23, 2003) (granting venue transfer based on first-to-file rule); *Comcast Cable Comms., LLC v. USA Video Tech. Corp.*, 2008 WL 1908612, *1 (D. Del. Apr. 29, 2008) (same); *Reisman v. Van Wagoner Funds, Inc.*, 2002 WL 1459384 (D.

Del. June 7, 2002) (same); *Corixa Corp. v. IDEC Pharm. Corp.*, 2002 WL 265094, *1 (D. Del. Feb. 25, 2002) (same).

## V. CONCLUSION

The first-to-file rule provides a clear and simple principle: where two actions present the same issues between the same parties, the later-filed of those two actions should be dismissed in favor of the first-filed. Here, this action presents the same issues between the same parties as are present in the first-filed Washington Action. The first-to-file rule dictates a clear result in these circumstances. The Court should accordingly dismiss this case. The first-to-file rule and the Court's discretion over declaratory judgment jurisdiction provide two independent bases for dismissal. In the alternative, the Court should transfer this action to the same district as the first-filed case, the Western District of Washington.

Respectfully submitted,

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

*Attorneys for Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC*

OF COUNSEL:
IRELL & MANELLA LLP
Elliot Brown
Benjamin Hattenbach
Ellisen Turner
Brian Ledahl
Jay Chung
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: September 2, 2011