IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELPIDA MEMORY, INC. and ELPIDA
MEMORY (USA) INC.,

Plaintiffs,

v.

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 11-623 (SLR)

## INTELLECTUAL VENTURES' REPLY IN SUPPORT OF
## MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER

Joseph James Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

*Attorneys for Defendants Intellectual Ventures I
LLC and Intellectual Ventures II LLC*

Of Counsel:

Elliot Brown
Benjamin Hattenbach
Ellisen Turner
Brian Ledahl
Jay Chung
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  September 29, 2011

2500103

<u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT...................................................................................................... 2

    A.  The Washington Action Is The First-Filed Case ................................................ 2

    B.  The Delaware Hynix Case Involves Different Issues........................................... 5

        1.  None of the Patents Overlap or Are Related ............................................. 5

        2.  A Different Set Of Parties And Products Are Involved ........................... 8

        3.  Elpida's Suggestion That This Case And The Hynix Case
            Should Proceed Together Is Impractical ................................................. 8

III.    CONCLUSION ................................................................................................. 9

TABLE OF AUTHORITIES

Page(s)

## Cases

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ............................................................................................................ 7

*Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553 (D. Del. 2007) ................. 3, 4

*Applied Vision, Inc. v. Optical Coating Lab, Inc.*, 1997 WL 601425 (N.D. Cal. Sept. 23, 1997) ................................................................................................. 5

*Cosden Oil & Chem. Co. v. Foster Grant Co.*, 432 F. Supp. 956 (D. Del. 1977) .................... 5

*Document Generation Corp. v. Allscripts*, LLC, 2009 WL 2824741 (E.D. Tex. August 27, 2009) .................................................................................................. 6

*Everpure, LLC v. Selecto, Inc.,* 2010 WL 480970 (C.D. Cal. February 2, 2010) ................... 6

*Goldenberg v. Cytogen, Inc.*, 373 F.3d 1158 (Fed. Cir. 2004) .................................................. 7

*Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398 (W.D.N.Y. 1980) ............................................................................................. 8

*Intel Corp. v. Amberwave Sys. Corp*, 233 F.R.D. 416 (D. Del. 2005) ..................................... 4

*Kearns v. General Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1996) ............................................. 3

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952) ...................................... 5

*Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738 (E.D. Wis. 2003) .............. 5

*Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326 (Fed. Cir. 2004) ....................... 3

*Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009) ................................. 6

*Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421 (2d Cir. 1965) ............................................... 5

*Owens-Illinois Glass Container, Inc. v. B&H Mfg., Inc.*, 13 U.S.P.Q.2d (BNA) 2061 (E.D. Cal. 1989) ...................................................................................... 5

*Research in Motion Ltd. v. Visto Corp.*, 457 F. Supp. 2d 708 (N.D. Tex. 2006) .................... 6

*Saes Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002) ......................... 5

*Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, 2006 WL 1749399 (D. Del. June 21, 2006) ................................................................................... 3, 7, 8

## I.    INTRODUCTION

The issue before the Court is should it dismiss or transfer this case because the same issues raised here are at issue in an earlier-filed case currently pending in the U.S. District Court for the Western District of Washington (the "Washington Action"). In its Opposition, Elpida concedes the key facts: (i) this case raises the same issues and involves the same patents as the Washington Action; and (ii) the Washington Action is earlier-filed than this case. These simple facts dictate a simple result: This Court should dismiss this action or transfer it to the Western District of Washington.

Because it cannot dispute that the Washington Action was filed before this case and raises the same issues, Elpida argues that this Court should ignore the existence of the Washington Action and recognize another action pending in this District involving different patents and issues (C.A. No. 10-1066-SLR, "Hynix Case") as the first-filed action because it, even though unrelated to the Washington Action and this action, was filed before the Washington Action. In asserting that "[c]ourts have consistently held that the first-filed forum for purposes of the first-to-file rule is where the parties originally sued each other" (D.I. 12 at 8), Elpida ignores the clear decisions of this Court holding that the first-filed rule does not apply to cases involving different patents or subject matter.

Elpida admits, as it must, that none of the patents in this case are in the same patent family, or share a common specification or file history as any of the seven patents at issue in the Hynix Case. Nevertheless, Elpida argues that this case should be litigated together with the Hynix Case (though it has made no motion and taken no action to cause such a result), despite the fact that the Washington Action filed before this case involves the same patents and parties as this case.

Also, Elpida's position that this case and the Hynix Case should be litigated together cannot be reconciled with Elpida's acknowledgement that an ITC investigation (Inv. No. 337-TA-803, "ITC Action") involving the same patents as this case will proceed separately (while this case and/or the Washington Action are stayed).  Elpida asserts "that discovery in the [Hynix Case] and the ITC Action can (and should) proceed in tandem" (D.I. 12 at 4, fn.3), but given that the cases are going to go forward in entirely separate fora regardless, it does not follow that this case should be allowed to continue.  Moreover, because the Hynix Case is scheduled for trial before the ITC Action is targeted to be completed, consolidation of the Hynix Case and this case would be impractical.

Perhaps recognizing its untenable position, Elpida also seeks to delay the Court's ruling on the motion to dismiss by suggesting that it should be deferred indefinitely.  But, time will not change the fact that this case and the Hynix Case are different (unlike this case and the Washington Action).  The Court should rule on this motion and dismiss this case, which will moot the stay issue and prevent two different district courts from continuing to adjudicate the same case.

## II.    ARGUMENT

### A.    The Washington Action Is The First-Filed Case

It is clear that the Washington Action is the first-filed case under the well-settled first-to-file rule.  Indeed, the only party arguing for "a misapplication of the first-to-file rule" (D.I. 12 at 3) is Elpida when it contends that the Hynix Case qualifies as the first filed case despite the fact that it involves different patents.  Contrary to Elpida's arguments, the identity of the patents-in-suit matters.  In *Abbot Labs,* this Court expressly held: "it would not be appropriate to apply the first-filed rule to the [earlier-filed] 06-613 action and the first New Jersey action, because those

2500103

cases involve different patents."[1] *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553,

558 (D. Del. 2007) (Robinson, J.) (emphasis added).[2] Thus, Elpida is demonstrably wrong that

"[c]ourts have consistently held that the first-filed forum for purposes of the first-to-file rule is

where the parties originally sued each other" without regard to the patents-in-suit. *See* D.I. 12 at

8.

      In fact, this Court has expressly stated that "the first-filed rule … seems limited to actions

'involving the same patents.'" *Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, 2006

WL 1749399, *4 (D. Del. June 21, 2006) (Robinson, J.).  Contrary of Elpida's characterization,

the Court's statement in *Thales* was not a mere "note[] in passing." *See* D.I. 12 at 12.  Rather, it

was central to the Court's holding in *Thales*, enjoining a later-filed action "to the extent it

involves the '563 and '282 patents at issue in the instant [earlier-filed] litigation," but not as to the

other patents that were not at issue in the earlier-filed litigation. *Thales*, 2006 WL 1749399, *4

(emphasis added).[3]  The same reasoning is applicable, and the Court should apply the holding of

*Abbott* and *Thales* here.

---

[1] The Court so held even though the patent in the later-filed case was related to the patents in the earlier-filed case. *Abbott*, 524 F. Supp. 2d at 558 ("[T]he '7286, '3286, and '473 patents are continuations to two of the patents originally named in the 06-613 action, and the same product (the Xience V stent) is at issue with respect to each of these patents") (emphasis added).

[2] Contrary to Elpida's assertions (D.I. 12 at 11), the Court's statement regarding the *existence* of the "additional patent" was in the context of the "case or controversy" requirement for declaratory judgment jurisdiction relating to an unissued patent application. *Abbott*, 524 F. Supp. 2d at 558.  There is no dispute about "case or controversy" relating to an unissued patent application in this case, and as such, Elpida's argument has no applicability here.

[3] *See also Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555-56 (Fed. Cir. 1996) ("Each patent asserted raises an independent and distinct cause of action."); *Abbott*, 524 F. Supp. 2d at 558 ("An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent."); *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004) ("[W]hen we speak of 'parallel actions,' we are referring to co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties.").

None of the patents in this case are identical (or even in the same patent family or otherwise related) to any of the seven patents at issue in the Hynix Case. As such, "it would not be appropriate to apply the first-to-filed rule to the [Hynix Case and this case], because those cases involve different patents." *Abbott Labs.*, 524 F. Supp. 2d at 558. Rather, the Washington Action, which encompasses all of the patents and parties at issue in this case, is the first-filed case here.

The few cases Elpida cites fail to support its position, largely because they involve materially different issues. For example, the *Intel* case involved a motion to supplement a complaint under Rule 15(d), and not a motion to dismiss or transfer. *Intel Corp. v. Amberwave Sys. Corp*, 233 F.R.D. 416 (D. Del. 2005). There, the original complaint of the earlier-filed Delaware case expressly referenced the patent application number for the patent that was to be added by the pending motion to supplement. *Id.* at 417. The original *Intel* complaint in Delaware stated that Intel reserves "all rights to amend this Complaint to seek a declaratory judgment of non-infringement of the patents that issue from the '947 and <u>'499 Applications</u>." *Id.* (emphasis added). Subsequently, "the '499 application matured into the '371 patent," and a separate lawsuit was filed regarding the '371 patent in the Eastern District of Texas. *Id.* Intel moved to add the '371 patent to the Delaware complaint, and the *Intel* court granted the motion. *Id.* at 419. Unlike in *Intel*, neither the complaint nor the answer in the Hynix Case makes any mention of any of the patent rights at issue here that Elpida now asserts should be heard in a single forum, even though Elpida knew about patents asserted in this case and could have brought them to the Court's attention earlier. *See* D.I. 12 at 11 ("[T]he patents at issue in the Washington and [this action] … were brought to Elpida's attention during the same negotiations as the [patents asserted in the Hynix Case].").

Elpida's citations to other cases are similarly inapplicable, as they all involve identical patents or trademarks that overlap between two cases. *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738 (E.D. Wis. 2003) ("Romans-Hess patent" at issue in both cases); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 422–23 (2d Cir. 1965) (identical trademark at issue in both cases); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 181-82 (1952) (identical patents at issue in both cases).[4]

Under the proper application of the first-to-file rule as enunciated by this Court in *Abbott* and *Thales*, the Washington Action is the first-filed case for the patents at issue here.

### B.    **The Delaware Hynix Case Involves Different Issues**

#### 1.    **None of the Patents Overlap or Are Related**

Elpida does not—indeed, cannot—dispute that none of the seven patents at issue in the Hynix Case is in the same patent family or otherwise related to any of the patents at issue in the Washington Action or this case. Rather, Elpida's argument that the Hynix Case and this case "present closely related and overlapping issues" (Opp. at 4) is based solely on mischaracterizations and unsupported assertions. For instance, Elpida's alleged "Subject Matter"

---

[4] Cases Elpida cites in its footnote are similarly inapposite. *Saes Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1090 (S.D. Cal. 2002) (holding that an infringement claim has priority "because Aeronex filed its Motion for Leave to Amend before SPG filed its declaratory relief action," not because the new claims were related to the earlier filed claims); *Applied Vision, Inc. v. Optical Coating Lab, Inc.*, 1997 WL 601425, *5 (N.D. Cal. Sept. 23, 1997) (denying transfer based on convenience analysis, and stating that the patent at issue in one case is "merely a continuation in part of" the patent at issue in a second case); *Owens-Illinois Glass Container, Inc. v. B&H Mfg., Inc.*, 13 U.S.P.Q.2d (BNA) 2061 (E.D. Cal. 1989) (granting transfer based on venue convenience analysis, where "[i]nfringement of the '173 patent [at issue in one case] also infringes the '957 patent [at issue in the other case]" and "[t]he parties agree[d] … that the actions should be tried together."); *Cosden Oil & Chem. Co. v. Foster Grant Co.*, 432 F. Supp. 956, 960 (D. Del. 1977) (stating that two related patents should be litigated together because of "the intimate relationship between the respective file histories of these two patents").

recitation for the various patents (D.I. 12 at 5-6, fn.55 [sic]) appears to have been created by Elpida solely for purposes of its Opposition and is not drawn from the actual patents.

Further, while Elpida points out that the patents at issue in the two matters share one common inventor, Elpida fails to mention that five other inventors of the patents do not overlap. Robert J. Proebsting, James A. Cunningham, and Katsuki Hazam are inventors at issue only in the Hynix Case. Michael Alwais and Michael Peters are inventors at issue only in the Washington Action and this case. As such, Elpida's bald assertion that "the fact and expert witnesses on technical issues are likely to be the same" (D.I. 12 at 5) is incorrect. *See Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 358 (D. Del. 2009) ("The '710 Patent and the '434 Patent share two of the same inventors, but they are not part of the same patent family ... the accused device in the present action, is also one of several accused devices in the Texas Action. ... Court is not persuaded that the present action is so related to the Texas Action that a transfer is required in the interests of justice.").[5]

Elpida's assertion that the patents "fall into the same Patent and Trademark Office ('PTO') class" ignores the fact that the PTO class that relates to the asserted patents is a broad category comprising tens of thousands of issued patents. Although the patents may all relate broadly to DRAM and/or Flash technology, they "involve different aspects of this broad category of

---

[5] *See also Everpure, LLC v. Selecto, Inc.,* 2010 WL 480970, *3 (C.D. Cal. February 3, 2010) ("The mere similarity of patents and identity of parties is insufficient to warrant a discretionary transfer"); *Document Generation Corp. v. Allscripts*, LLC, 2009 WL 2824741, *2– *3 (E.D. Tex. August 27, 2009) (holding that cases involving patents in the same family need not be tried together because a contrary rule "would chain Plaintiff to S.D. Illinois [the district of the earliest filed case] whenever it asserted a patent in the same family"); *Research in Motion Ltd. v. Visto Corp.*, 457 F. Supp. 2d 708, 713-714 (N.D. Tex. 2006) ("Merely because the patents pertain to wireless transmission of email and other data does not, of course, show that they are so related that the litigation should be conducted in a single forum.").

technology." *Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, 2006 WL 1749399, *4 (D. Del. June 21, 2006) (Robinson, J.) (rejecting argument similar to those raised by Elpida).

The Court should similarly reject Elpida's attempt to link the different patents together by citing such claim terms as "control circuitry," "array," "memory cells," "row," and "column" (D.I. 12 at 6). It is unsurprising that these terms are used in various DRAM related patents. In any event, "[a]bsent a formal relationship," statements in another patent or its prosecution history are irrelevant to claim construction. *Goldenberg v. Cytogen, Inc.*, 373 F.3d 1158, 1167-68 (Fed. Cir. 2004). None of the patents in this case share prosecution history or is in the same patent family as any of the patents at issue in the Hynix Case.

The *Abbott Diabetes* case Elpida cites is inapplicable. *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 WL 2892707 (D. Del. Sept. 30, 2007) involved a motion to consolidate two cases that were before the same court, and did not involve an action first-filed in a different district. *Id.* at *1. Unlike in *Abbott Diabetes*, this case involves a first-filed action in a different district, the Western District of Washington, that encompasses all of the same issues involved in this case.

In any event, Elpida is simply wrong that "[t]he patents in *Abbott Diabetes* … were not all in the same family" *See* D.I. 12 at 7. On the contrary, the U.S. Patent No. 6,990,366 at issue in the second-filed case in *Abbott Diabetes* was in the same patent family as two of the patents at issue in the first-filed case. 2007 WL 2892707, *1 (the first-filed case involved U.S. Patent Nos. 6,565,509 and 6,175,752); U.S. Patent No. 6,990,366 ("Continuation of application No. 10/420,057 …, which is a continuation of … Pat. No. 6,565,509, and a continuation of … Pat. No. 6,175,752"). Elpida is similarly wrong that "the patents in *Thales* … were not all in the same family" (D.I. 12 at 7). In *Thales,* two of the patents at issue were not only in the same

patent family, they were the *same patents* in both the earlier-filed and later-filed cases. *Thales*,

2006 WL 1749399, *1.

### 2.    A Different Set Of Parties And Products Are Involved

Elpida makes unsupported assertions regarding the parties and products at issue, not only

as to itself but as to entities who are not part of this action and have not joined in Elpida's

Opposition. Although Elpida asserts that "the real parties-in-interest are Elpida and Hynix" (D.I.

12 at 11), Elpida fails to provide Intellectual Ventures or the Court with a formal agreement

accepting responsibility for infringement by the numerous consumer products and retailer

defendants named in the Washington Action. Also, Hynix has not joined in this action or

Elpida's Opposition, and has not expressed a position as to whether it will accept responsibility

for others' infringement. More, Elpida completely ignores Nanya Technology Corporation

("Nanya"), which is a manufacturing defendant in the Washington Action. D.I. 12 at 11-12.

Nanya is a competitor of Elpida, and manufactures DRAM products that are accused in the

Washington Action. Nanya is not a party in the Hynix Case or this case, and Elpida fails to

address how the issues regarding Nanya can be resolved in Delaware.[6]

### 3.    Elpida's Suggestion That This Case And The Hynix Case Should Proceed Together Is Impractical

Elpida asserts that "the ITC Action will proceed first and that both this declaratory

judgment action and the Washington Action will be stayed."[7] D.I. 12 at 2. Recognizing that the

---

[6] The case of *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398 (W.D.N.Y. 1980) Elpida cites is inapposite. *Hooker* involved an entity that made all of the accused products at issue. Here, Elpida does not make all of the accused products at issue in the Washington Action or the Hynix Case. Hynix and Nanya are competitors of Elpida, and all three manufacture accused DRAM products in the Washington Action.

[7] Intellectual Ventures submits that the Court should dismiss or transfer this case pursuant to the current motion, and accordingly, a stay of this case is unnecessary.

Hynix Case is different, "Elpida submits [that the Hynix Case] should not be [stayed]." D.I. 12 at 4, fn. 3. Elpida's position that the patents at issue here and in the ITC should be litigated in the same forum as the Hynix Case cannot be reconciled with its statement that "discovery in the [Hynix Case] 10-1066 Action and the ITC Action can (and should) proceed in tandem." D.I. 12 at 4, fn. 3 (emphasis added). Additionally, while the ITC Action may have "substantial impact" (D.I. 12 at 13) on the issues relating to the Washington Action and this case, the ITC Action will have no such effect on the issues in the Hynix Case involving different patents, and different set of parties and products. It is sensible to keep the issues involved in the Hynix Case separate from those at issue in the ITC Action (which encompasses all of the patents and parties involved in this case).

Further, the case schedules in the Hynix Case and the ITC Action cannot be squared with Elpida's assertion that this case "can be consolidated with the [Hynix Case] 10-1066 Action to try any remaining disputes between IV and Elpida after the ITC Action is complete" (D.I. 12 at 11). The Hynix Case is set for trial in March of 2013. *See* Ex. 1 (Hynix Case Scheduling Order of May 6, 2011). On the other hand, a target of May 10, 2013 has been set for completion of the ITC's investigation in the ITC Action. *See* Ex. 2 at Attachment A, p. iii (ITC's Initial Determination Setting Target Date). A presidential review period, as well as potential appeals could follow the ITC determination. Accordingly, it is unlikely that this case and the Hynix Case could be tried together even if this case remains in Delaware, and even if there were any compelling reason to attempt such a consolidated trial.

## III.    CONCLUSION

The Court should dismiss this case because the Washington Action is the first-filed case as to the issues in this case. The Washington Action and this action, on one hand, and the Hynix

Case, on the other, are different.  None of the patents at issue here are related to any of the patents at issue in the Hynix Case.  Although there is one inventor that overlaps between the two disputes, there are five other inventors that do not.  There are numerous entities and products that are not at issue in the Hynix Case but that are accused in the Washington Action, including Nanya which manufactures DRAM products that compete with Elpida's products.  The ITC Action may impact the issues in this case but will not impact the Hynix Case.  Further, the ITC Action and any appeals are unlikely to conclude until months or years after the trial in the Hynix Case, making consolidation of this case and the Hynix Case impractical, if not impossible.

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Joseph James Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

*Attorneys for Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC*

OF COUNSEL:

IRELL & MANELLA LLP
Elliot Brown
Benjamin Hattenbach
Ellisen Turner
Brian Ledahl
Jay Chung
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  September 29, 2011

2500103