IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELPIDA MEMORY, INC. and ELPIDA MEMORY (USA) INC., </br></br>Plaintiffs, </br></br>v. </br></br>INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, </br></br>Defendants. | ) ) ) ) ) ) ) Civ. No. 11-623-SLR ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of August, 2012, having reviewed the motion to dismiss or, in the alternative, to transfer filed by defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC and the papers submitted therewith;

IT IS ORDERED that said motion to dismiss (D.I. 10) is granted, as follows.

1. **Background**. Plaintiff Elpida Memory, Inc. is a Japanese corporation that develops and manufactures Dynamic Random Access Memory (DRAM) integrated circuits. (D.I. 1 at ¶¶ 1, 15) Plaintiff Elpida Memory (USA), Inc. is a Delaware corporation with its principal place of business in Sunnyvale, California. (Id. at ¶ 2) The plaintiffs will hereafter be referred to collectively as "Elpida." Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") are each Delaware LLC's having principal places of business in Bellevue, Washington. (Id. at ¶¶ 4-5; D.I. 11 at 2)

2. On July 11, 2011, IV filed a suit in the Western District of Washington (hereinafter, the "Washington action") for patent infringement against Elpida and other

DRAM manufacturers (specifically, Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. (collectively "Hynix")), as well as against several of their customers, alleging that Elpida and Hynix's DRAM products infringe U.S. Patent Nos. 5,654,932 ("the '932 patent"); 5,963,481 ("the '481 patent"); and 5,982,696 ("the '696 patent"). (D.I. 1 at ¶ 20 & ex. F) More specifically, IV alleges that Elpida's DDR2 SDRAM and DDR3 SDRAM products, including part number EDJ1108BBSE, infringe the '932, '481 and/or '696 patents. (D.I. 1, ex. F at ¶¶ 39, 50, 61) Additional patents (U.S. Patent Nos. 5,500,819 and 5,687,132) were asserted against all defendants but Elpida. (*Id.* at ¶¶ 71-92)

3. On July 12, 2011, IV filed a complaint with the International Trade Commission ("ITC"), captioned *In the Matter of Certain Dynamic Random Access Memory and NAND Flash Memory Devices and Products Containing Same*, requesting that it institute an investigation under Section 337 of the Tariff Act of 1930, as amended (hereinafter, the "ITC Complaint"). (D.I. 13 at 1-2) The ITC Complaint alleges, *inter alia*, that Elpida's DRAM products infringe the '932, '481 and '696 patents.

4. Elpida filed the instant declaratory judgment case against IV on July 14, 2011, asserting noninfringement and invalidity of the '932, '481 and '696 patents. (D.I. 1) In lieu of an answer, IV filed the pending motion to dismiss or, in the alternative, transfer based upon the first-filed action Washington action. (D.I. 10)

5. On August 31, 2011, the ITC instituted Investigation No. 337-TA-803 based on IV's allegations in the ITC Complaint (hereinafter, the "ITC Investigation"). (D.I. 13 at 1) On September 23, 2011, Elpida filed a motion to stay this action pending the disposition of the ITC proceeding. (D.I. 13)

6. Against this backdrop is a previously filed patent infringement lawsuit filed by IV against Elpida and Hynix, hereinafter referred to as "Civ. No. 10-1066." In that ongoing action, IV alleges that Elpida and Hynix's DRAM products infringe six patents not at issue in the present case.[1]

7. **Standard**. The Federal Circuit prefers "to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), rev'd on other grounds, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). If applied, the rule counsels that a later-filed action involving the same controversy should be dismissed, transferred or stayed in favor of the first-filed action. *See id.* at 938; *accord E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976-79 (3d Cir. 1988) ("[c]ourts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule"). "The first filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d at 971. Factors that have been regarded as proper bases for departing from the first-to-file rule include bad faith, forum shopping, when the second-filed action has "developed further than the initial suit," and "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Id.*

---

[1] U.S. Patent Nos.: 6,373,753; 6,462,998; 6,455,937; 7,444,563; 5,581,513 ("the '513 patent"); 5,598,374 ("the '374 patent") and 5,598,822.

3

(citations omitted).

8. **Discussion**. Elpida contends that, under a proper interpretation of the first-to-file rule, Civ. No. 10-1066 is the first-filed action in the context of the Washington action and the present litigation. (D.I. 12 at 4-10) Elpida reasons in this regard that "Delaware is the favored forum for any cases between IV and Elpida in relation to IV's DRAM portfolio and Elpida's SDRAM" (*id.* at 8), presumably because Civ. No. 10-1066 was filed earlier than the Washington action.

9. The court concedes that IV and Elpida are engaged in a broad business dispute that relates generally to Elpida's SDRAM products. There is no dispute, however, that the Washington action encompasses all of the patents and parties at issue in this case, and is the first-filed action as between it and the instant case. The record does not demonstrate, nor does Elpida contend, that any of the exceptions to the first-to-file rule apply to the facts of record. (D.I. 12 at 12-14) To accept Elpida's reasoning, therefore, would be to eviscerate the first-to-file rule as it is currently understood in favor of a rule that requires all disputes between the same parties to be litigated in the jurisdiction where the first lawsuit between the parties was filed, regardless of the patents at issue. The court has declined to embrace such reasoning before, and declines to do so now.

10. More specifically, in *Cellectis S.A. v. Precision Biosciences, Inc.*, Civ. No. 11-173-SLR, 2012 WL 1556489 (D. Del. May 3, 2012), defendant argued that a case it instituted in North Carolina was really the first-filed case because it involved the same parties and the same technology. The court concluded that the first-to-file rule was

4

clearly meant to address only mirror-image litigation,[2] and the fact that the North Carolina court had some familiarity with the same general technology had no bearing on whether the North Carolina case was the first-filed case.

11. **Conclusion.** Consistent with its past analysis of the first-to-file rule, the court finds that the Washington action is the first-filed case. Given that the instant case has not proceeded past the preliminary motion stage, there is no legitimate reason to either transfer or stay this case. Therefore, IV's motion to dismiss (D.I. 10) is granted; IV's motion to transfer (D.I. 10) and Elpida's motion to stay (D.I. 13) are denied.

United States District Judge

---

[2] *Cellectis*, 2012 WL 1556489 at *8 (citing *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) ("It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which, if they conflict, may require separate appeals to different courts of appeals.")).